UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM GULAID,<br><br>Plaintiff,<br><br>v.<br><br>FLUOR CORPORATION,<br><br>Defendant. | Case No.  25-cv-07856-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. Nos. 13, 17 |

Defendant Fluor Corporation (Fluor) moves to dismiss, dkt. 13, the entirety of pro se plaintiff Hakim Gulaid's first amended complaint (FAC). Dkt. 9. Gulaid opposes. Dkt. 14. The Court finds this motion appropriate for determination without oral argument and now vacates the hearing previously set for May 1, 2026. *See* Civil L.R. 7-1(b). For the reasons that follow, the Court grants the motion to dismiss with leave to amend.[1]

As background, Gulaid alleges in the FAC that he was employed by Fluor from June 2021 to June 2022.[2] Dkt. 9 ¶ 11 & ¶ 24. While there, he alleges experiencing "discriminatory, hostile, [and] retaliatory conduct" from managers, a supervisor, and a document control person prior to a constructive discharge in June of 2022. *Id.* ¶¶ 13–21, ¶ 24. He asserts four

---

[1] In light of this order, the parties' stipulated request to appear remotely at the hearing, dkt. 17, is denied as moot.
[2] In its motion, Fluor maintains that it never employed Gulaid and instead that he was employed by Fluor Federal Services, Inc. Dkt. 13-1 at 2 n.1. Gulaid responds in opposition that such a determination cannot be made at the pleadings stage. Dkt. 14 at 4–5. This dispute is not teed up in Fluor's motion and the Court notes it without taking a position at this stage.

claims under Title VII (discrimination, hostile work environment, retaliation, and constructive discharge) and one claim under 42 U.S.C. § 1981. *Id.* ¶¶ 26–74.

## I.    Under Title VII, Gulaid Failed to Exhaust His Administrative Remedies

Fluor first moves to dismiss Gulaid's Title VII claims[3] as barred by Gulaid's failure to timely exhaust his administrative remedies. Dkt. 13-1 at 4–6.[4] Gulaid needed to file a charge with the Equal Employment Opportunity Commission (EEOC) by (at the latest) April of 2023, but failed to do so until June of 2025. *Id.*; *see also* dkt. 13-2 at 28.[5]

Gulaid pleads that he timely filed with the EEOC and received a right to sue notice on June 18, 2025. Dkt. 9 ¶¶ 8–9. In opposition, he writes that, "[Fluor] argues that [his] Title VII claims are time-barred because [he] filed his EEOC charge in June 2025." Dkt. 14 at 2.

Fluor is correct. "Under Title VII, an aggrieved person wishing to bring a claim against an employer must exhaust administrative remedies by filing a charge with the [EEOC] or a qualifying state agency and receiving a right-to-sue notice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018) (citing 42 U.S.C. § 2000e-5). Such a charge must be filed within 180 days of the alleged incident, or within 300 days if the aggrieved person "has initially instituted proceedings" with certain state or local agencies. 42 U.S.C. § 2000e-5(e)(1). "An individual's failure to file a charge with the agency within

---

[3] These are claims one (discrimination), two (hostile work environment), three (retaliation), and five (constructive discharge). Dkt. 9 ¶¶ 26–57 & ¶¶ 67–74. Claim five (constructive discharge) is not pled as a Title VII claim, but in his opposition Gulaid doesn't dispute Fluor's characterization of it as a Title VII claim.

[4] Citations to page numbers in this order correspond to the Electronic Case Filing numbers at the top of each page.

[5] Fluor asks the Court to judicially notice an EEOC notice of charge of discrimination dated June 18, 2025. Dkts. 13-2 at 28 & 13-3. Gulaid doesn't oppose. "[A court] may take judicial notice of records and reports of administrative bodies," *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (cleaned up), including EEOC notices of charges of discrimination. *See Griggs v. Sacramento City Unified Sch. Dist.*, No. 20-CV-0724, 2021 WL 1614405, at *1 (E.D. Cal. Apr. 26, 2021). Fluor's request for judicial notice is granted.

this time frame will usually operate to bar that person from bringing a lawsuit for failure to exhaust their administrative remedies." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016).

Gulaid doesn't allege initiating proceedings with a state or local agency, but in light of his pro se status, the Court will assume (without deciding) that Gulaid had 300 days from his separation from employment to file a charge. His separation (or "discharge") occurred in June of 2022 and he pleads no unlawful employment practices after that date, so he needed to file a charge with the EEOC by April of 2023.[6]

Gulaid pleads in his FAC that he timely filed with the EEOC and received a right to sue on June 18, 2025, dkt. 9 ¶¶ 8–9, but he fails to allege *when* he filed a charge with the EEOC. Without this information, the Court cannot find that he timely exhausted, especially given that Fluor submits a notice of charge of discrimination dated June 18, 2025, dkt. 13-2 at 28–29, and Gulaid's opposition states that he "filed his EEOC charge in June 2025." Dkt. 14 at 2. As such, Gulaid's four Title VII claims must fail at the pleading stage for failure to exhaust his administrative remedies. *See Arizona ex rel. Horne*, 816 F.3d at 1202.[7]

These claims are dismissed with leave to amend to show that Gulaid did timely exhaust or, in the alternative, to show that equitable relief applies to toll or limit the filing period. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).[8]

---

[6] In his opposition, Gulaid mentions continuing violations. Dkt. 14 at 3. But his FAC controls, and it pleads no violations after June 2022.

[7] Pleading in the FAC that he timely filed, without including any detail or facts regarding when his charge was filed, is not sufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (cleaned up).

[8] Gulaid argues that administrative exhaustion is an affirmative defense. Dkt. 14 at 3. Granting a motion to dismiss based on an affirmative defense is appropriate where (as here) the affirmative defense is clearly apparent from the face of the complaint. *See Von Saher v.*

## II.    Gulaid Fails to State a 42 U.S.C. § 1981 Claim

In his fourth claim, Gulaid alleges that Fluor interfered with his right to make and enforce contracts free from racial discrimination by subjecting him to harassment and hostility, undermining his reputation, denying him equal compensation, and forcing a constructive discharge. Dkt. 9 ¶¶ 58–66. In support, Gulaid represents that he is "a member of a racial minority." *Id.* ¶ 59. Gulaid further alleges a number of incidents in support of his claim. For example, he represents that his collaborative work with subcontractors, inspectors and Quality Assurance (QA) persons representing the U.S. Air Force was viewed negatively and that Gulaid was told he was "too close" to QA. *Id.* ¶ 12 & ¶ 14. Prior to his start date, Michele Fry (a Document Control person) printed and circulated Gulaid's prior court filings to Fluor's personnel and subcontractors. *Id.* ¶ 13 & ¶ 15. And Gerald Baker (a supervisor) publicly berated Gulaid and drew an "X" across Gulaid's work product. *Id.* ¶ 12 & ¶ 16. *See also id.* ¶¶ 12–25.

Fluor moves to dismiss this claim, arguing that Gulaid fails to identify any race-based comments, conduct, or circumstances suggesting that decisions were based on racial animus. Dkt. 13-1 at 7–8. So, he fails to show discriminatory intent. *Id.* Gulaid opposes, arguing that the allegations in the FAC plausibly support the inference that his race was a but-for cause of the hostile treatment and impairment of the employment relationship. Dkt. 14 at 3–4.

Again, Fluor has the better argument. Section 1981 prohibits discrimination in the making and enforcement of contracts based on race. *See* 42 U.S.C. § 1981. To state a § 1981 claim, Gulaid must allege "(1) he is a member of a racial group, (2) some contractual right

---

*Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); dkt. 13-1 at 5.

with defendant was impaired, (3) defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment." *See Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)).

Gulaid pleads no facts plausibly suggesting that Fluor intentionally discriminated against him based on his race. Gulaid pleads that he is a member of a racial minority, but includes no other plausible allegation regarding race (or protected status) anywhere else in his FAC. None of the alleged incidents include comments regarding Gulaid's race or conduct treating other employees of other races differently.[9] For example, Gulaid alleges that Michele Fry in Document Control printed and circulated his prior court filings to Fluor's personnel and subcontractors. Dkt. 9 ¶ 12 & ¶ 15. But Gulaid pleads nothing regarding the content of those court filings, and does not plead that Fry engaged in this conduct because of Gulaid's race. Indeed, it's not clear to the Court at this stage why this allegation would constitute intentional discrimination against Gulaid based on his race.

In sum, the Court cannot find that Gulaid's allegations support a claim that Fluor intentionally discriminated against him based on race. Gulaid's § 1981 claim is dismissed with leave to amend.[10]

/ / /

---

[9] Gulaid does plead that other, similarly situated employees were paid more. Dkt. 9 ¶ 22. But he does not allege what made those employees similarly situated, or whether those employees were of the same or different race. Without that information, this conclusory allegation fails to "nudge[ ] [his] claims . . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680 (cleaned up).

[10] Again, it is not sufficient for Gulaid to plead that, for example, Fluor subjected him to racially motivated harassment and hostility. Dkt. 9 ¶ 62. Gulaid must also plead facts that render his claims plausible. *See Iqbal*, 556 U.S. at 678 (a complaint is not sufficient "if it tenders naked assertions devoid of further factual enhancement") (cleaned up).

### III.    Conclusion

Fluor's motion to dismiss the FAC is granted with leave to amend, and the FAC is dismissed with leave to amend in accordance with the guidance set forth above. Gulaid may file a second amended complaint by **April 17, 2026**.

This order dispenses with dkts. 13 and 17.

**IT IS SO ORDERED.**

Dated: March 23, 2026

Alex G. Tse
United States Magistrate Judge

6