UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKIM GULAID,<br>Plaintiff,<br>v.<br>FLUOR CORPORATION,<br>Defendant. | Case No. 25-cv-07856-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 25 |

Defendant Fluor Corporation (Fluor) moves to dismiss Plaintiff Hakim Gulaid's Second Amended Complaint (SAC). Dkt. 25. The Court finds the motion appropriate for determination without oral argument. *See* Civil L.R. 7-1(b).

Plaintiff alleges he worked for Defendant on Ascension Island, a remote island in the South Atlantic Ocean, from June 2021 to June 2022. Dkt. 24 at ¶¶ 22-23, 93. His operative complaint asserts three claims under 42 U.S.C. § 1981 and one claim under the Fair Labor Standards Act ("FLSA"). Dkt. 24 at ¶¶ 119-49. Because Section 1981 doesn't apply to the extraterritorial conduct Plaintiff alleges, and because Plaintiff's FLSA claim is time-barred, Defendant's motion is granted.

## I. Section 1981 Claims

Plaintiff's first, second, and third claims allege race discrimination, hostile work environment, and retaliation in violation of Section 1981. Dkt. 24 at ¶¶ 119-41. He pleads that these claims arose during his employment on Ascension Island, a British Overseas Territory under the sovereignty of the United Kingdom. *Id.* at ¶¶ 1, 23. Defendant argues that these claims fail because Section 1981 doesn't apply to conduct outside of the United States.

It is a "basic premise" of the American legal system that American laws don't

typically apply to conduct outside of the United States' jurisdiction. *Morrison v. Nat'l Australia Bank Ltd.*, 561 US. 247, 255 (2010). "Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 335 (2016).

The Supreme Court has set out a two-step framework for analyzing whether a federal statute applies beyond the United States' jurisdiction. First, courts must ask whether "the statute gives a clear, affirmative indication that it applies extraterritorially." *Id.* at 337. If the answer is no, they must ask whether "the case involves a domestic application of the statute." *Id.* This means determining the statute's "focus," and asking whether conduct relevant to that focus occurred in the United States. *Id.*

Section 1981 doesn't clear the first step of this test. It provides that "[a]ll persons *within the jurisdiction* of the United States shall have the same right *in every State and Territory* to make and enforce contracts … and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a) (emphasis added).

The parties raise no Ninth Circuit case discussing whether Section 1981 applies extraterritorially. But in *Ofori-Tenkorang v. American International Group, Inc.*, the Second Circuit answered this question in the negative, concluding that "[t]he plain text of Section 1981 manifests Congress's intent to confer on persons *within* the jurisdiction of the United States … the same enumerated rights in every *State* and *Territory.* Far from evincing any intent on the part of Congress to apply the statute beyond our borders, the language of Section 1981 unambiguously confirms the opposite." 460 F.3d 296, 301 (2d Cir. 2006) (citation modified). Based on that conclusion, the Second Circuit affirmed a district court's dismissal

of claims that arose out of conduct "occurring entirely while [the plaintiff] was living and working in South Africa," and therefore while the plaintiff was outside the jurisdiction of the United States. *Id.* at 303.

*Ofori-Tenkorang* isn't binding, and was decided before *RJR Nabisco* clarified the two-step framework that courts analyzing extraterritoriality issues must apply. Nevertheless, the Second Circuit's analysis supports the conclusion that Section 1981 doesn't "give[] a clear, affirmative indication that it applies extraterritorially." *RJR Nabisco*, 579 U.S. at 337. A court in this district has reached the same conclusion in another case brought by Plaintiff. *See Gulaid v. CH2M Hill, Inc.*, No. 15-cv-04824-JST, 2016 WL 5673144, at *6 (N.D. Cal. Oct. 3, 2016) (collecting cases demonstrating that "[o]ther federal courts have consistently concluded that Section 1981 does not extend extraterritorially – not even to U.S. military bases overseas."). The Court finds that Section 1981 doesn't apply extraterritorially at step one of the *RJR Nabisco* analysis.

Plaintiff's complaint also fails at step two of the same framework. The allegations here don't establish a "permissible domestic application" of Section 1981 by pleading conduct in the United States relevant to the Section 1981's "focus." *RJR Nabisco*, 579 U.S. at 337. Instead, Plaintiff's complaint states that his claims "aris[e] from his employment … while on Ascencion Island." Dkt. 24 at ¶ 1. And the allegations, properly construed in his favor, involve misconduct by Defendant's employees on Ascencion Island. *See, e.g.*, dkt. 24 at ¶¶ 122, 131, & 137.

Plaintiff argues the Court should find a permissible domestic application of Section 1981 because he was hired in the U.S. and certain aspects of his employment, such as his pay, were administered there. Dkt. 29 at 9. This argument is problematic for multiple reasons.

First, Plaintiff supports many of these domestic contacts with exhibits outside of his pleadings, which the Court can't consider on a motion to dismiss. *Id.* at 7-9.

Second, these kinds of generic contacts aren't relevant to the "focus" of Section 1981 or the substance of Plaintiff's discrimination claims. *RJR Nabisco*, 579 U.S. at 337. Plaintiff cites no authority finding such contacts sufficient to support a statute's domestic application. *See* dkt. 24 at 7-9. The sole case he cites was later reversed by the Supreme Court. *Doe v. Nestle, S.A.*, 906 F.3d 1120 (9th Cir. 2018), *amended by*, 923 F.3d 623 (9th Cir. 2019), *rev'd sub nom.*, *Nestle USA, Inc. v. Doe*, 593 U.S. 628 (2021). In *Nestle*, the Supreme Court emphasized that because "general corporate activity … is an activity common to most corporations, generic allegations … do not draw a sufficient connection between [a] cause of action … and domestic conduct." 593 U.S. at 634. Thus, it concluded that "[t]o plead facts sufficient to support a [statute's] domestic application … plaintiffs must allege more domestic conduct than general corporate activity." 593 U.S. at 634.

The Court concludes that the domestic contacts Plaintiff points to in his pleadings – involving his hiring and the administration of his employment – aren't sufficiently related to the focus of Section 1981 to support its domestic application here. Nor do Plaintiff's pleadings otherwise allege discriminatory conduct that occurred while he was in the U.S. *See generally* dkt. 24. Because Plaintiff doesn't allege that any conduct relevant to Section 1981's focus occurred within the United States, his pleadings also fail at step two of the *RJR Nabisco* framework.

Accordingly, the Court dismisses Claims One, Two, and Three of the Second Amended Complaint.

## II. FLSA Claim

Plaintiff's fourth claim alleges that Defendant violated the FLSA by failing to pay him for all the hours he worked. Dkt. 144 at ¶¶ 142-49. Defendant argues this claim is time-barred, and the Court agrees.

FLSA claims are typically subject to a two-year statute of limitations. 29 U.S.C. § 255(a). If a violation is "willful," the limitations period is three years. *Id.*

Plaintiff alleges his employment with Defendant ended on June 23, 2022. Dkt. 24 at ¶ 115. He filed his complaint on September 16, 2025. Dkt. 1. Although Plaintiff's original complaint contained an FLSA claim, dkt. 1 at 4, he removed it from his first amended complaint. *See generally* dkt. 9. He then re-asserted a cause of action under the FLSA in his second amended complaint, filed on June 16, 2026. Dkt. 23.

A "new [FLSA] cause of action accrues at each payday immediately following the work period for which compensation is owed." *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). This means that Plaintiff's FLSA claims accrued, and the statute of limitations began to run, no later than the date his final paycheck became due. *See, e.g.*, *Gessele v. Jack in the Box, Inc.*, 6 F.Supp.3d 1141, 1152 (D. Or. 2014).

Even assuming (i) that Plaintiff's FLSA claim relates back to the date of his first pleading, *see ASARCO, LLC v Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), and (ii) that the longer three-year statute of limitations applies to his FLSA claim, the pleadings here don't establish a timely claim. Plaintiff sued three years and three months after his employment ended. His complaint contains no tolling allegations. *See, e.g.*, dkt. 24 at ¶¶ 142-49. Because the running of the statute of limitations appears on the face of Plaintiff's complaint, dismissal is proper here. *See U.S. ex rel. Air Control Techs., Inc., v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). Claim Four is dismissed.

## III. Conclusion

The Court grants Defendant's motion and dismisses Plaintiff's Second Amended Complaint. The Court reserves ruling on whether to grant Plaintiff leave to amend. If Plaintiff wishes to amend his pleadings, he must file a statement describing his intended amendments by **November 25, 2026**. Plaintiff's statement should not exceed five pages.

This order dispenses with dkt. 25.

**IT IS SO ORDERED.**

Dated: November 5, 2026



Alex G. Tse
United States Magistrate Judge